UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUPP MARINE, INC.,
    a Florida corporation,

    Plaintiff,

vs.

MARINE & OUTDOOR PRODUCTS, INC.,
    a Missouri corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, RUPP MARINE, INC., sues the Defendant, MARINE & OUTDOOR PRODUCTS, INC., for a declaratory judgment of its rights under the Patent Act, and complains as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Patent laws of the United States, 35 U.S.C. § 271, et seq.

2. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

3. On information and belief, this court has personal jurisdiction over Defendant, pursuant to Florida Statutes Ch. 48.193(1)(a) and (2), by virtue of its substantial, continuous and not isolated activity in this District and throughout the State of Florida, including selling the "Hal-Lock" outrigger pulley embodying the Patent-in-Suit directly and through distributors having operations in this District and throughout the State of Florida. Discovery is needed as to the extent of such

activity.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant is subject to personal jurisdiction in the District, and because a substantial part of the events giving rise to this claim for declaratory relief and the subject matter thereof occurred within the District, including, without limitation, that Plaintiff received a patent infringement demand letter from Defendant in this District, and that Plaintiff's principal place of business is located in this District.

## THE PARTIES

5. Plaintiff is a Florida corporation having its principal place of business at 4761 Anchor Avenue, Port Salerno, Florida 34992. Plaintiff is an industry-leading manufacturer of a wide variety of sportfishing equipment and accessories.

6. Defendant is a Missouri corporation having its principal place of business at 4262 D Highway, Bolivar, Missouri 65613. Defendant is the owner of the Patent-in-Suit and, upon information and belief, is the manufacturer of an outrigger pulley product sold under the brand "Hal-Lock".

## BACKGROUND

7. Defendant is the owner by assignment of U.S. Patent No. 6,129,033, entitled "Pulley or Roller-Type Block with Lock Arrangement" and issued on October 10, 2000 ("the '033 Patent"). A copy of the '033 Patent is attached as Exhibit "A" hereto.

8. On April 8, 2013 Defendant sent a letter to Plaintiff, accusing Defendant of "making, having, made, using, selling and/or offering for sale halyard line locks that infringe [the '033 Patent]." The letter also claims that any and all use or re-sale by purchasers of Plaintiff's product

would constitute infringement for which such purchasers would be personally liable. A copy of the letter, and a print-out of Plaintiff's web page promoting its Rupp Lok-Up™ halyard line locks referenced therein, is attached as composite Exhibit "B" hereto.

9. Plaintiff's halyard line lock lacks particular elements required for literal infringement of the '033 Patent, nor do these elements occur under the doctrine of equivalents. By way of example but not limitation, the clamping contact on the halyard line does not occur between a roller or pulley and a clamping mechanism as required under the Patent, but rather between a fixed, non-rolling bushing and a clamping mechanism.

10. As a result of Defendant's April 8, 2013 letter, an actual controversy exists between the parties. Defendant's unfounded accusation of patent infringement threatens potentially serious consequences to the business operations of Plaintiff.

11. Plaintiff is entitled to be able to continue its manufacture, marketing and sale of halyard line locks in an atmosphere free of Defendant's unfounded accusations, and therefore believes that it is necessary to invoke the protections of the Federal Declaratory Judgment Act in this matter.

12. Because of the serious nature of Defendant's infringement accusations, Plaintiff believes that this accusation and demand must be addressed now, or else it will persist and cause damage to Plaintiff as a result.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '033 PATENT

13. This Count seeks a declaration of rights pursuant to the protections of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff reasserts and incorporates herein by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Plaintiff has not made, used, offered to sell or sold or imported any products covered by any claim of the '033 Patent.

15. Plaintiff has not contributorily infringed or induced the infringement of the '033 Patent.

16. Plaintiff is in need of, and entitled to, a judicial declaration that it has not directly or indirectly infringed the '033 Patent via its manufacture, marketing and sales of the halyard line lock, or any of its other products.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '033 PATENT

17. This Count seeks a declaration of rights pursuant to the protections of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff reasserts and incorporates herein by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

18. Plaintiff has reason to question the validity of the '033 Patent, pursuant to 35 U.S.C. §§ 102, 103 and 112. Further investigation and discovery are required in this regard.

## JURY DEMAND

Plaintiff requests that all issues in this case be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment that:

A. Plaintiff has not committed any act of infringement of the '033 Patent with respect to the halyard line lock, or any of its other products;

B. The '033 Patent is invalid and unenforceable;

C. Plaintiff be reimbursed by Defendant for its attorney fees and costs incurred in this action; and

D.       Plaintiff be granted any such other relief as this Court deems appropriate.

                              Respectfully submitted,
                              McHALE & SLAVIN, P.A.

                              <u>s/ Brian M. Taillon</u>
                              Edward F. McHale (FBN: 190300)
                              Brian M. Taillon (FBN: 678635)
                              2855 PGA Boulevard
                              Palm Beach Gardens, Florida 33410
                              Telephone:   (561) 625-6575
                              Facsimile:    (561) 625-6572
                              E-mail:       litigation@mchaleslavin.com

                              *Attorneys for Rupp Marine, Inc.*